PER CURIAM:
*170 The claimant brought this action for a flat tire, which occurred when a sharp rock punctured the tire on a road maintained by the respondent.
The incident giving rise to this claim occurred on December 4, 1997. The claimant was driving on Mt. View-Talman Village Road (W.V. Route 103 and U.S. Route 52). Part of this road is stone-based and part of it is paved. The evidence adduced at hearing established that the claimant encountered an area where the respondent had laid down fresh gravel. One of these stones punctured his tire, resulting in out-of-pocket repair costs in the amount of $75.00.
The claimant submitted into evidence the stone that punctured his tire. The stone was roughly one inch long and pointed on one end. The respondent had been engaged in road stabilization in the area the previous day and conceded that the stone appeared to be of the type commonly used on stone-based roads such as this. The respondent contracts for crushed gravel of this sort by the ton. A sample is taken to ensure that it is the proper size.
It is well established that the State is neither an insurer nor a guarantor of the safety o f motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (1947). In order to hold the respondent liable for road hazards, the general rule is that the claimant must prove that the respondent had actual or constructive notice and a reasonably opportunity to take corrective measures. The Court is of the opinion that the respondent cannot be expected to inspect every stone that it purchases for the purpose of road stabilization work and that there is insufficient evidence of negligence upon which to justify an award. Therefore, in view of the foregoing, the Court does hereby deny the claim.
Claim disallowed.